UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROBERT F. LEIJA | CIVIL ACTION |
| --- | --- |
| VERSUS | NO: 06-10489 |
| PENN MARITIME, INC. | SECTION: "S" (2) |

## ORDER AND REASONS

The motion for partial summary judgment (Doc. # 64) on behalf of Penn Maritime, Inc. is **GRANTED.**

## BACKGROUND

This is a seaman's case for damages under the Jones Act and maritime law.

On May 25, 2006, Robert F. Leija, now deceased, was employed as a lead tankerman by defendant Penn Maritime, Inc., which owned and operated a vessel, the ATB CAPTAIN HAGAN/KEY WEST. On May 27, 2006, while in navigation to New Orleans, Leija became ill and noticed a lump in his neck. He was seen by a company physician who gave him a prescription, and declared him fit for duty. Leija returned to duty and finished his tour which ended on June 16, 2006.

On June 30, 2006, Leija saw oncologist Dr. Lawrence Clarke, and indicated to Dr. Clarke that he was a two-pack a day smoker for the past thirty years and regular drinker of alcohol, consuming 14 drinks per week. Dr. Clarke later diagnosed Leija with invasive squamous cell carcinoma of the

hypopharynx and piriform. Dr. Clarke testified that the known "traditional primary risk factors" for this type of cancer were smoking, alcohol intake and a genetic predisposition and family history for the disease and that 90% of people with this type of cancer were smokers. Dr. Clarke specifically denied being able to state medically whether Leija's cancer was caused by a workplace exposure to refined gasoline products.

On June 14, 2007, Leija died and his wife was substituted as plaintiff.

Plaintiff attributes her husband's cancer to his ten-year exposure to numerous toxic chemicals, including polycyclic aromatic hydrocarbons (PAH) in the workplace while performing his tankerman duties without protective equipment as a result of the negligence of the defendant and the unseaworthiness of the vessel. Plaintiff further contends that defendant arbitrarily, capriciously and without cause, failed to investigate plaintiff's claim to cure, and to authorize or pay for medical treatment.

Defendant has moved for partial summary judgment, arguing that plaintiff cannot carry the burden of proving that her husband's cancer was, more likely than not, the consequence of his exposure to PAH during his employment. Defendant urges that plaintiff's expert, Paul Goldstein, Ph.D., is not competent to render a medical opinion, and his report which suggests a connection between PAH exposure and Leija's cancer is insufficient support for a finding of either general or specific causation.

Plaintiff confirms that his sole expert on causation is Dr. Goldberg, and argues that Dr. Goldberg's opinion is the result of reviewing material safety data sheets and peer review articles, and that he took plaintiff's smoking and alcohol consumption into account. Plaintiff argues further that

2

Mr. Leija's testimony before he died establishes that defendant did not make available breathing apparatus equipment while working with petrochemicals aboard defendant's product barges, and that he recalled chronic exposure on defendant's barges to visible fumes that he would have not breathed had breathing equipment been available.

Discovery is complete in this case; a pre-trial conference has occurred; and the non-jury trial is set for February 5, 2009.[1]

**ANALYSIS**

**A. Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[2] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[3]

**2. Motion for Summary Judgment**

In a toxic tort case, plaintiff must prove two elements of causation: general and specific.[4] "'General causation is whether a substance is capable of causing a particular injury or condition in

---

[1] At the pre-trial conference, the parties acknowledged that defendant has paid cure to plaintiff.

[2] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[3] *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

[4] *Knight v. Kirby Inland Marine, Inc*., 482 F.3d 347, 351 (5th Cir. 2007) (affirming summary judgment where plaintiff failed to provide valid expert evidence that plaintiff's injury was specifically caused by his exposure to benzene)

the general population, while specific causation is whether a substance caused a particular individual's injury.'"[5]

In this case, plaintiff's sole causation expert is Dr. Goldstein, a toxicologist and a professor in the department of biological sciences at the University of Texas at El Paso. He holds a Ph.D in genetics, and is not a medical doctor. Dr. Goldstein's report states that before making his conclusions, he reviewed material data safety sheets for a substance called PG70-22 Petroleum Asphalt, a type of PAH which was transported on defendant's barges during Leija's employment with defendant; relevant peer reviewed articles; a report from Paul Monsour, M.D., an oncologist whom defendant retained as an expert; the complaint for damages; a list of dates and types of exposure for Leija;[6] and the autopsy report. Dr. Goldstein did not have any information relative to the degree of exposure to any one chemical, nor is there any indication that he physically examined Leija. Dr. Goldstein concludes:

> In medical and scientific probability, the squamous cell carcinoma in Robert Leija was the result of his chronic exposure to petroleum based polycyclic aromatic hydrocarbons (PAH). If Robert Leija had not worked around polycyclic aromatic hydrocarbons, or at least had been wearing the proper Personal Protective Equipment (as delineated in the MSDS), in medical and scientific probability, he would not have developed squamous cell carcinoma.

Further, plaintiff concedes in her statement of contested material facts that both her expert, Dr. Goldstein, and defendant's expert, Dr. Monsour, confirm that smoking and alcohol are the

---

[5] *Knight,* 482 F.3d at 351 (*quoting Merrell Dow Pharm.,Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997)).

[6] While the list states alleged periods of exposure and the type of chemical to which he allegedly was exposed, the list does not contain any indication of the degree of exposure.

primary risk factors in causing her husband's type of cancer.

Dr. Goldstein's report establishes that workplace exposure to toxic substances *could* have caused Leija's cancer. However, while Dr. Goldstein states affirmatively from a scientific and *medical* viewpoint, that plaintiff's cancer would not have occurred but for the fact of his workplace exposure, Dr. Goldstein, who is not a medical doctor, is not qualified to render a medical opinion as to whether workplace exposure to toxic substances more likely than not caused Leija's cancer. Further, there is no evidence that Dr. Goldstein had any evidence of plaintiff's level of occupational exposure to PAH.

"Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case."[7]

The court is persuaded that plaintiff's evidence is insufficient, as a matter of law, to create an issue of fact as to specific causation, which plaintiff must prove to prevail at trial.

The motion for summary judgment is **GRANTED,** dismissing plaintiff's claims against the defendant.

New Orleans, Louisiana, this   23rd day of January, 2009.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[7] *Allen v. Pennsylvania Engineering Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)*(citing Wright v. Willamette Industries, Inc.*, 91 F.3d 1105, 1107 (8th Cir. 1996)).