# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. LEIJA | CIVIL ACTION |
| VERSUS | NO: 06-10489 |
| PENN MARITIME, INC. | SECTION: "S" (2) |

## ORDER AND REASONS

The motion for summary judgment (Doc. # 85) by defendant Penn Maritime, Inc. is **GRANTED,** and the claim is **DISMISSED.**

### BACKGROUND

This is a seaman's case for damages under the Jones Act and maritime law. The background facts are recited in the court's earlier opinion (Doc. #80) and are not repeated here.

On January 23, 2009, the court granted Penn Maritime's motion for partial summary judgment, finding that as a matter of law, plaintiff's evidence was insufficient to create an issue of fact as to whether plaintiff's cancer was caused by his exposure to polycyclic aromatic hydrocarbons in the workplace. Plaintiff's remaining claim is for maintenance and cure and for compensatory damages due to defendant's failure to pay timely maintenance and cure. It is undisputed that plaintiff's last day of service to the vessel was June 16, 2006, which was the last day of his tour of

duty;[1] that between July 3, 2006, and December 26, 2006, plaintiff was advanced unearned wages of $5,908 and unaccrued vacation pay of $3,649; and that the daily maintenance rate under plaintiff's union contract was $15.00 per day. Plaintiff's suit was filed on November 20, 2006, and on February 15, 2007, defendant propounded discovery seeking information and supporting documentation of plaintiff's medical bills, among other things. Defendant received documentation of plaintiff's medical co-payments on September 14, 2007, subsequent to plaintiff's death on June 14, 2007. In January 2008, defendant agreed to pay plaintiff's co-payment obligations.

Plaintiff contends that sometime after July 2006, plaintiff informed defendant of his cancer diagnosis. Plaintiff asserts that a phone call provided sufficient notice of the maintenance and cure claim; and that because no payments for cure were made until January 2008, the delay was arbitrary and capricious.

Defendant argues that it acted reasonably in the investigation and handling of plaintiff's maintenance and cure claim. Defendant points out that the payment to plaintiff of unearned wages and vacation benefits exceeds any maintenance claim that plaintiff may have, and that it satisfied its cure obligation when it assumed responsibility for plaintiff's medical co-payments, upon receiving proof of that claim. Defendant has also agreed to reimburse plaintiff's estate for all out of pocket costs related to plaintiff's medical condition, but documentation of such costs has never been provided. Further, plaintiff has not provided any evidence of damages resulting from a delay in payment of maintenance and cure; or that plaintiff's medical care was thereby not delayed or

---

[1] On May 27, 2008, plaintiff had reported a lump on the left side of his neck after shaving on board the vessel. He was sent to a physician who diagnosed lymphadenitis and reported that plaintiff was fit for duty.

2

affected.

Discovery is complete in this case; a pre-trial conference has occurred; and the non-jury trial is set for February 5, 2009.[2]

**ANALYSIS**

**A. Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[3] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[4]

**2. Motion for Summary Judgment**

A shipowner has an obligation to pay both maintenance and cure to any seaman injured while in service to the ship.[5] The maintenance and cure obligation exits regardless of an employer's fault or a vessel's unseaworthiness.[6] Maintenance is a daily stipend for living expenses; cure is the

---

[2] At the pre-trial conference, the parties acknowledged that defendant has paid cure to plaintiff.

[3] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[4] *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

[5] *Boudreaux v. U.S.*, 280 F.3d 461, 468 (5th Cir. 2002). The shipowner must pay an allowance for subsistence, reimburse the seaman for medical expenses, and take "reasonable steps to ensure that the seaman received proper care and treatment." *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987).

[6] *Morales*, 829 F.3d at 1358.

3

payment of medical expenses.[7]

The Fifth Circuit recognizes an escalating scale of liability for failing to pay maintenance and cure. A shipowner who is in fact liable for maintenance and cure but is reasonable in denying liability, may be held liable only for the amount of maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages, such as the aggravation of the seaman's condition. If the owner lacks a reasonable defense and has exhibited callousness and indifference to the seaman's plight, he becomes liable for attorney's fees.[8]

The undisputed facts show that defendant advanced to plaintiff sums in excess of the maintenance obligation of $15.00 per day, through the payment to plaintiff of unearned wages and unaccrued vacation pay. Plaintiff provides no evidence to refute that defendant has in fact satisfied its maintenance obligation. Further, the undisputed facts also indicate that defendant, through correspondence and discovery, attempted to obtain documentation of plaintiff's co-payment obligations. Plaintiff's representative did not provide documentation of plaintiff's co-payment obligations until September 2007, three months after plaintiff's death, and in January 2008, defendant agreed to assume plaintiff's co-payment obligations. The undisputed facts show that defendant has satisfied its cure obligation to plaintiff.

Plaintiff's evidence is insufficient as a matter of law to create a question of fact that defendant's delay in payment either the maintenance or cure was arbitrary and capricious, or was

---

[7] *Guerva c. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995).

[8] *Morales*, 829 F.2d at 1358.

callous or indifferent. Defendant acted reasonably in its satisfying both the maintenance and cure obligations, and with as much dispatch as possible considering the timing of the production to defendant by plaintiff of documents supporting his claim.

The defendant's motion for summary judgment is **GRANTED,** dismissing plaintiff's claims.

New Orleans, Louisiana, this   30th  day of March, 2009.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**MARY ANN VIAL LEMMON**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**